**Electronically Filed
Supreme Court
SCPW-16-0000038
12-DEC-2016
09:18 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

OAHU PUBLICATIONS INC., dba The Honolulu Star-Advertiser,
a Hawai'i corporation, Petitioner,

vs.

THE HONORABLE BARBARA T. TAKASE, Judge of the District Court
of the Third Circuit, North and South Hilo Division,
State of Hawai'i, Respondent Judge,

and

THE STATE OF HAWAI'I and ETHAN FERGUSON, Respondents.

SCPW-16-0000038

ORIGINAL PROCEEDING
(CR. NO. 16-1-000030)

DECEMBER 12, 2016

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY POLLACK, J.

This case requires us to consider the procedures that

Hawai'i courts should follow when an individual's personal

information has been included in a publicly accessible document

that was filed in violation of Rule 9 of the Hawaiʻi Court Records Rules (HCRR).

## I.      BACKGROUND

On January 7, 2016, Ethan Ferguson, a law enforcement officer for the Hawaiʻi Department of Land and Natural Resources (DLNR), was taken into custody pursuant to a warrantless arrest and charged with five counts of sexual assault.  Ferguson's arrest was widely reported in the media.

On January 7 and 8, 2016, the State of Hawaiʻi filed in the District Court of the Third Circuit, South Hilo Division (district court) an application for judicial determination of probable cause for Ferguson's warrantless arrest and for his extended restraint (collectively, Ferguson Probable Cause Application).  The Ferguson Probable Cause Application contained the full name and residential address of the minor complainant, as well as the full social security numbers of individuals depicted in a photographic lineup.[1]  The Ferguson Probable Cause Application was signed by Judges Lloyd Van De Car on January 7, 2016, and Harry P. Freitas on January 8, 2016.  Upon judicial approval, the documents became part of the record of the case

---

[1]     Both the first application for judicial determination of probable cause filed on January 7, 2016, and the second filed on January 8, 2016, contained the name and address of the minor complainant and the social security numbers of individuals depicted in the lineup.  The second application reflected a reclassification of all of the sexual assault charges.

and could have been reproduced for public distribution by court personnel if a request had been made for copies.

On January 14, 2016, the State filed an ex parte motion with the district court requesting that the court seal the Ferguson Probable Cause Application to protect the minor complainant's full name, which had been included in the filing. The motion stated in relevant part as follows:

> The grounds for this Motion are the Application and Declaration for Judicial Determination of Probable Cause for Warrantless Arrest and for the Extended Restraint of Liberty of Warrantless Arrestee and Attachments Filed on January 7, 2016 and January 8, 2016, contained the victim's full name.
>
> The State, therefore, applies to this Honorable Court for an order requiring that the herein mentioned Application and Declaration for Judicial Determination of Probable Cause for Warrantless Arrest and for the Extended Restraint of Liberty of Warrantless Arrestee and Attachments Filed on January 7, 2016 and January 8, 2016, be sealed in an envelope and that disclosure of its contents be denied to any and all persons requesting such information until such time as the court deems it necessary to be disclosed.

The same day, Judge Takase granted the State's request without hearing and ordered the Ferguson Probable Cause Application to "be sealed in an envelope and that disclosure of its contents be denied to any and all persons requesting such information until such time as the Court deems it necessary to be disclosed."

One week later, on January 21, 2016, the State submitted a Notice of Filing to the district court with an attached redacted version of the Ferguson Probable Cause Application (Redacted Application). The Redacted Application

was identical to the sealed Ferguson Probable Cause Application, except that the State had crossed out the minor  complainant's name and address as well as the social security numbers of the individuals pictured in the photographic lineup.

## II.     THE PETITION

On January 22, 2016, Oahu Publications Inc., dba the Honolulu Star-Advertiser (Oahu Publications), filed a petition requesting this court to issue two writs: (1) a writ of prohibition prohibiting Judge Takase from enforcing her order sealing the Ferguson Probable Cause Application in State v. Ferguson, Cr. No. 16-1-000030 (Ferguson case); and (2) a writ of mandamus ordering Judge Takase to (a) make public the contents of the sealed Ferguson Probable Cause Application subject to HCRR Rule 9.1 (2012), and (b) refrain from future document sealings in the Ferguson case and any other criminal proceeding without first providing notice, an opportunity to be heard, and specific factual findings indicating the reason for preventing public access to the documents.  In its petition, Oahu Publications contends that such procedures are required by the First Amendment to the United States Constitution, article 1, section 4 of the Hawai'i Constitution, and this court's decision in Oahu Publications Inc. v. Ahn, 133 Hawai'i 482, 331 P.3d 460 (2014).  On January 28, 2016, this court directed Judge Takase, the State, and Ferguson to answer the petition.

4

Both the State and Judge Takase timely answered the petition and argue that it should be denied as moot.[2] The State indicates that Oahu Publications' petition was submitted one day after the Redacted Application had already been filed with the district court. Similarly, Judge Takase submits that the filing of the Redacted Application renders Oahu Publications' claims moot and that its request for a writ of mandamus is unnecessary.[3]

With this court's permission, Oahu Publications filed a reply memorandum to address the mootness arguments submitted by Judge Takase and the State. Oahu Publications initially states that since it is not a party to the underlying proceeding, it is not on the service list and, therefore, did not know that a redacted document had been submitted to the court at the time that it filed its petition. Oahu Publications also maintains that the State's belated efforts to make publicly available the Ferguson Probable Cause Application do not render its petition moot because of the applicability of the public interest and "capable of repetition, yet evading review" exception to the mootness doctrine. Oahu Publications contends

---

[2]     Ferguson filed a joinder to Judge Takase's answer. He argues that the petition should be dismissed based on the reasons set forth in Judge Takase's answer.

[3]     In her answer to the petition, Judge Takase also indicates that the language "until such time as the Court deems it necessary to be disclosed" was included in the district court's order sealing the Ferguson Probable Cause Application to allow the court to "revisit the sealing" of the application "if anyone had objected and requested a hearing."

that the district court's unconstitutional sealing procedure is capable of repetition but likely to evade review and that an authoritative determination of the proper sealing procedure is highly desirable.  This exception to the mootness doctrine, according to Oahu Publications, is particularly necessary in the context of the First Amendment right to public criminal trials because they are generally short in duration and thus difficult to timely challenge.

### Supplemental Briefing

This court entered an order directing the parties to file supplemental briefs regarding "the procedures that a court should follow when an application for judicial determination of probable cause for warrantless arrest that has been submitted or filed with the court includes confidential information subject to Rule 9 of the Hawaiʻi Court Records Rules."  The order requested that the briefs address the timing and necessity of a court hearing, the manner of providing notice thereof, procedures with regard to a motion to seal or redact, and the applicability of HCRR Rule 9.1(a).  The parties timely responded.[4]

Oahu Publications acknowledges that confidential personal information subject to HCRR Rule 9 should not be

---

[4]     Judge Takase received permission from this court not to file a supplemental brief in light of her recent retirement.

disclosed in a publicly filed probable cause application.  Oahu Publications also acknowledges that a court that receives a probable cause application that mistakenly or inadvertently includes such information should take prompt steps to sequester the confidential information and prevent its dissemination.  However, Oahu Publications contends that the procedure for determining that the information is confidential must follow the principles set forth in Ahn, 133 Hawai'i 482, 331 P.3d 460, and respect the public's right to access the non-confidential portion of the filing.  Specifically, Oahu Publications maintains that the trial court must follow a procedure that, while allowing for swift or even immediate removal of confidential personal information, (1) provides notice of the sealing and an opportunity to object via hearing as soon as practicably possible, and (2) provides specific factual findings indicating the reason for preventing access to a presumptively public document.

Oahu Publications takes no position on what constitutes sufficient notice in any given circumstance.  It does, however, recognize that notice may need to occur after the court takes action in order to immediately protect disclosed information that should be protected pursuant to HCRR Rule 9.1.  To this end, Oahu Publications suggests that, as soon as reasonably possible, the court should notify the public of the

sealing with a detailed explanation of the reasons for the sealing and provide a retroactive opportunity to object. The court, according to Oahu Publications, should then have a hearing on the sealing for the parties to present their objections and provide a detailed and timely explanation for its decision to seal.

The State argues that if a court is aware that a public document contains confidential personal information, the court should have the ability to immediately seal the document until it can be properly redacted in accordance with HCRR Rule 9 or redact the information from the document itself. According to the State, an order sealing the document, the act of redacting the document, or the newly filed redacted document can serve as notice to the parties and the public and, if there is an objection, a motion may be filed to address any concerns. At that point in time, the State indicates that the court should hold a hearing and determine if the document should remain sealed.

The State also provides other procedures that may be utilized to correct filed documents containing personal information. First, the State suggests that any party or person who has a lawful interest may file a motion and proposed order to seal the document along with a corrected or redacted version of the document. The State explains that the simultaneously

filed corrected document would allow the public to have access to the record, while also protecting the confidential personal information and reducing the need for a hearing. If a party or member of the public has an objection to the possible sealing or redaction, the State maintains that a motion may be filed and the district court should schedule a hearing. The State explains that in any such scenario, the personal information should be protected until after a hearing or until the district court determines that the information should be made public.

Like the State, Ferguson contends that a court should take prompt action to seal or redact any information that is deemed confidential and subject to HCRR Rule 9. Ferguson further suggests that the following steps should be taken: (1) any party may immediately file an ex parte motion to seal the document along with a redacted version of the document; and (2) if the motion is granted, the court should then file the redacted document and an order stating the reasons for the sealing and redaction. If anyone objects to the court order granting the ex parte motion, Ferguson submits that the court should then set a hearing.

### III.    DISCUSSION

#### A. Mootness

This case raises questions regarding the procedures Hawai'i courts should follow when personal information is

included in filings of publicly accessible documents in contravention of HCRR Rule 9 (2012).  The State contends, however, that its submission of the Redacted Application into the public record renders Oahu Publications' petition moot.

This court has recognized an exception to mootness in cases involving issues that affect the public interest and are capable of repetition yet evade review.  Okada Trucking Co. v. Bd. of Water Supply, 99 Hawai'i 191, 196, 53 P.3d 799, 804 (2002).  Indeed, this exception to the mootness doctrine has been used by this court in a similar case involving access to judicial proceedings and documents.  See Oahu Publ'ns Inc. v. Ahn, 133 Hawai'i 482, 493 n.13, 331 P.3d 460, 471 n.13 (2014).  In Ahn, the petitioners sought a writ of prohibition and a writ of mandamus to (1) compel access to sealed portions of a transcript that were later unsealed during proceedings before this court and (2) prohibit future courtroom closures without giving notice to the public and an opportunity to respond.  Id. at 486, 331 P.3d at 464.  We concluded in Ahn that "the likely evasion of full review and the public interest criteria of the public nature of the issue, the likelihood of recurrence, and the desirability of an authoritative determination" called for this court to "address the merits of the [p]etitioners' arguments."  Id. at 493 n.13, 508, 331 P.3d at 471 n.13, 486.

10

As discussed in greater detail below, there are no clear remedial procedures for protecting sensitive personal information inadvertently disclosed in filings in Hawai'i courts, and the parties agree that such information as defined in the Hawai'i Court Records Rules should be shielded if improperly made public.  Further, accidental submission of such personal information in court filings is likely to recur and may cause significant emotional distress or economic loss to individuals whose information is entered into the public record.  Incidents of recurrence are likely to evade judicial review because sealings of the record contended to be improper may be rectified by the trial court before review can be accomplished.  Thus, the considerations that permitted review of the petitioners' substantive arguments in <u>Ahn</u>, the public nature of the issue, the likelihood of future recurrence and evasion of review, and the importance of an authoritative determination of the issue counsel this court to address the merits of Oahu Publications' claims in this case.

**B.  HCRR Rule 9**

Rule 9 of the Hawai'i Court Records Rules, titled "Parties' Responsibility to Protect Personal Information," provides a general prohibition against submission of personal information in publicly accessible court filings:

11

**9.1. Prohibition; Form.**

(a) Except as provided in this Rule 9 and notwithstanding any other rule to the contrary, <u>a party shall not include personal information in any accessible document filed in any state court or with ADLRO.</u>[5] Required personal information shall be submitted by means of a Confidential Information Form that substantially conforms to HCRR Form 2 of these rules; provided the name and birth date of a minor charged with a traffic infraction may be displayed on the citation and the name of a minor may be displayed in submissions in proceedings under HRS chapter 586 and section 604-10.5. The Confidential Information Form shall be designated confidential, protected, restricted, sealed, or not accessible.

HCRR Rule 9.1(a) (2012) (emphasis added). Thus, under HCRR Rule 9.1(a), parties may not submit personal information in any publicly accessible[6] document filed with either the state courts or with ADLRO. HCRR Rule 9.1(a). If necessary to the filing, such personal information must be separately submitted by using a sealed Confidential Information Form. Id.

Personal information is defined by HCRR Rule 2.19 as including the following:

[S]ocial security numbers, dates of birth (except for traffic citations), names of minor children, bank or investment account numbers, medical and health records, and social service reports.

HCRR Rule 2.19 (2012). The definition of personal information also provides special procedures with respect to social security

---

5 "ADLRO" is defined by HCRR Rule 2.4 as the Administrative Driver's License Revocation Office (ADLRO). See HCRR Rule 2.4 (2010).

6 "Accessible" is defined by HCRR Rule 2.1 as "available to the public for inspection and/or copying." See HCRR Rule 2.1 (2010).

and other account numbers, birthdates, and personal information

of minors:

> To the extent a social security or account number is required in an accessible document, the last 4 digits may be displayed, provided that no more than half of the social security or account digits are disclosed. To the extent a birthdate is required in an accessible document, the birth year may be displayed. Except as provided in Rule 9.1, to the extent the name of a minor is required in an accessible document, the initials of the minor may be displayed. To the extent a complete social security number, account number, birthdate, or name of a minor child is required for adjudication of a case, the complete number or birthdate shall be submitted in accordance with Rule 9.1 of these rules.

HCRR Rule 2.19. Therefore, the prohibitions in the Hawai'i Court

Records Rules as to inclusion of personal information in

publicly accessible documents include the use of full social

security numbers, birthdates (except for birth year and the

birthdates of minors as to traffic citations), names of minor

children, bank or investment account numbers, medical and health

records, and social service reports. See HCRR Rules 2.19,

9.1(a).

Additionally, HCRR Rule 9.1(b) sets forth special

procedures for use of certain personal information in charging

documents in criminal proceedings or where such information is

required to state a claim. HCRR Rule 9.1(b) provides in

relevant part as follows:

> (b) When the identity or age of a non-defendant minor is required to charge a criminal offense or to state a claim, the accessible charging instrument, complaint, information, indictment, or petition shall include the initials and birth year of the minor. When the identity of an account is required to charge a criminal offense or to state a

13

> claim, the accessible charging instrument, complaint,
> information, indictment, or petition may include the last 4
> digits of the account number, provided not more than half
> of the account's digits are disclosed, as provided by Rule
> 2.2 of these rules.  A full name, birthdate, or account
> number shall be submitted on a confidential information
> form in accordance with section (a) of this rule.

HCRR Rule 9.1(b) (2012) (emphasis added).  Therefore, when the

identity or age of a non-defendant minor is necessary to charge

a criminal offense or state a claim, use of personal information

under HCRR Rule 9.1(b) is restricted to the minor's initials and

birth year.[7]  HCRR Rule 9.1(b).  Additionally, when an "identity

of an account" is necessary, the filing may include the last

four digits of the account number, provided that not more than

half of the account's total digits are disclosed.  HCRR Rule

9.1(b).

Violations of HCRR Rule 9 are partially addressed by

HCRR Rule 9.5 (2012), which allows the court or the hearing

_____

[7]  In isolation from HCRR Rule 9.1(a), the portion of HCRR Rule 9.1(b) relating to non-defendant minors reads as mandatory rather than prohibitory: the relevant filing "shall include the initials and birth year of the minor."  Standing alone, HCRR Rule 9.1(b) could therefore be interpreted as permitting the inclusion of personal information beyond that of "the initials and birth year of the minor."  See HCRR Rule 9.1(b).  We do not, however, read HCRR Rule 9.1(b) as permitting the inclusion of other personal information beyond initials and birth year in contravention of Rule 9.1(a).  Rather, the import of HCRR Rule 9.1(b) is to permit, with respect to the inclusion of personal information, only "the initials and birth year of the minor" when necessary to allege the identity or age of a non-defendant minor in a charging document or to state a claim.  To read HCRR Rule 9.1(b) as allowing the inclusion of personal information beyond the minor's initials and birth year would directly contradict the express prohibition against such inclusion contained in HCRR Rule 9.1(a).  See Richardson v. City & Cty. of Honolulu, 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994) ("[L]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other.  What is clear in one statute may be called in aid to explain what is doubtful in another." (quoting Hawaii Revised Statutes (HRS) § 1-16 (1985); Kam v. Noh, 70 Haw. 321, 325, 770 P.2d 414, 417 (1989))).

14

officer to impose "appropriate monetary or other sanctions upon parties or attorneys" who fail to comply with the rule. However, other than providing for the imposition of monetary or other sanctions, the Hawai'i Court Records Rules do not specify procedures to remedy an improper disclosure of personal information under HCRR Rule 9.

## C. Applicable Procedures

Accordingly, the Hawai'i Court Records Rules provide strict rules regarding the use and accessibility of personal information that reflect an acute concern with protecting the privacy of members of the general public and additionally afford special protection to information pertaining to minors. Indeed, personal and informational privacy in general has long been respected in the State of Hawai'i and is codified in article I, section 6 of the Hawai'i Constitution. Haw. Const. art. I, § 6 ("The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest."). Like the authors of HCRR Rule 9, the drafters of article I, section 6 were similarly cognizant of the possible accessibility and misuse of personal information in an increasingly digital age:

> Another area of concern that may be alleviated by [article I, section 6] is the issue of informational privacy, or the ability of a person to control the privacy of information about himself. . . . There is often a legitimate need for government or private parties to gather data about individuals, but there is danger of abuse in the use and/or

> dissemination of such information. The danger of inclusion of inaccurate data being retained in some computer bank, thereby affecting the life of an individual, is inherent in our modern day . . . .

Stand. Comm. Rep. No. 69 in 1 Proceedings of the Constitutional Convention of Hawai'i of 1978, at 674 (1980) (emphasis added). Dissemination of personal information may, for example, invade the privacy of persons reporting or victimized by crimes. Improperly disseminated personal information can also be used to commit fraud, identity theft, and other financial and property offenses. See State v. Pacquing, 129 Hawai'i 172, 181-82, 297 P.3d 188, 197-98 (2013) (discussing legislative history of criminal offense of unauthorized possession of confidential personal information and noting dangers and frequency of commerce-based identity theft in Hawai'i); Greidinger v. Davis, 988 F.2d 1344, 1353-54 (4th Cir. 1993) (discussing dangers of identity theft and noting that "the harm that can be inflicted from the disclosure of a SSN to an unscrupulous individual is alarming and potentially financially ruinous."). HCRR Rule 9 also protects against dissemination of medical and mental health records that, if improperly disclosed, may reveal highly intimate matters. See Cohan v. Ayabe, 132 Hawai'i 408, 418, 322 P.3d 948, 958 (2014) ("If citizens feel that their privacy rights in health care information are not adequately protected, this may lead to various negative outcomes for patients,

16

including 'social and psychological harm through embarrassment, economic harm through job discrimination and job loss, patient difficulty in obtaining health insurance, health care fraud, and patient reluctance to share sensitive information with their doctors or pharmacists.'" (quoting Christopher R. Smith, Somebody's Watching Me: Protecting Patient Privacy in Prescription Health Information, 36 Vt. L. Rev. 931, 943 (2012))).  HCRR Rule 9 therefore performs the integral function of protecting informational privacy and respecting the right of every individual to be free from the distress, harm, or economic loss that often results from unwarranted disclosure of personal information.[8]

In recognition of the importance of protecting against such disclosures, HCRR Rule 9 explicitly permits courts to issue monetary and other sanctions for its violation.  See HCRR Rule 9.5 (2012).  Rule 9 does not, however, set forth the procedures to undertake when personal information has been impermissibly included in a publicly filed document.

---

[8]    Although the Hawaiʻi Court Records Rules contain a general requirement that court and ADLRO records be publicly accessible aside from prescribed exceptions, they do not supplant or otherwise displace statutes, rules, or court orders that provide greater or more specific protections of documents and records filed with the court and the ADLRO.  See HCRR Rule 10.1 (2010) ("Except as otherwise provided by statute, rule, or order, court and ADLRO records shall be accessible during regular business hours . . . ." (emphasis added)).

Other provisions of the Hawai'i Court Records Rules provide guidance as to the drafters' intent respecting the inadvertent filing of incorrect documents.  HCRR Rule 3, titled "Duty to Maintain Record; Corrections," grants the clerk of the court the authority to replace incorrect documents without first requesting an order of the court:

> Where documents are maintained in an electronic document management system, the Clerk may, with such technical assistance as required and without order of a court replace incorrect documents that were inadvertently uploaded by parties or that have been corrupted, with the documents that should have been uploaded . . . provided such replacements . . . are completed within 10 business days following the initial filing and all parties are notified of the replacement . . . .

HCRR Rule 3.3 (2012) (emphases added).  Therefore, when a party has "inadvertently" filed an "incorrect" document, the court clerk may replace it with a corrected version provided that such replacement occurs within ten business days of the filing and notice is given to all parties of the replacement.  HCRR Rule 3.3.

HCRR Rule 3.3 also gives the clerk authority to temporarily seal[9] documents and provides in relevant part:

> The Clerk may temporarily seal any document or record or mark any document for in-camera review pending review and a

---

[9]    "Sealed" is defined by the Hawai'i Court Records Rules as meaning "not accessible, i.e. not available for public inspection and copying. Synonyms include, but are not limited to, confidential, protected, and restricted."  HCRR Rule 2.24 (2012).  "Seal" is similarly defined by Black's Law Dictionary as "to fasten up or enclose securely with or as if with a seal," or alternatively, "to prevent access to (a document, record, etc.), especially by court order[.]"  Seal, Black's Law Dictionary (10th ed. 2014).

> determination of accessability [sic] by the court for which the record is maintained or by the Hawaiʻi Supreme Court.

HCRR Rule 3.3.  Thus, the Hawaiʻi Court Records Rules allow for both (1) the replacement of incorrect documents inadvertently filed and (2) the sealing of documents or records pending determinations of future accessibility by the court.  HCRR Rule 3.3.

Though useful to this court's analysis, HCRR Rules 2.19, 3.3, and 9 do not clearly delineate the steps to be taken when personal information has been impermissibly included in a publicly accessible court filing.  In considering such procedures, the public's right of access to judicial proceedings and documents under the First Amendment to the United States Constitution and article I, section 4 of the Hawaiʻi Constitution weighs in favor of careful tailoring.  See Oahu Publ'ns Inc. v. Ahn, 133 Hawaiʻi 482, 494-95, 331 P.3d 460, 472-73 (2014).

If personal information is impermissibly filed, the improper filing may be discovered by either (1) the parties or a member of the general public or (2) the court itself.  See, e.g., N.Y. Comp. Codes R. & Regs. (N.Y.C.R.R.) tit. 22, §§ 212.4(b)(2), 214.12(2), 210.4(b)(2), 208.4(b)(2) (2016) (where "confidential personal information" has been improperly disclosed in certain New York state court filings, the "court

sua sponte or on motion by any person may order a party to remove" such information).

### i. Improper Filing Discovered by Parties and Non-Parties

Given the importance placed by HCRR Rule 9 on the protection of personal information and because of its mandatory prohibition against inclusion within a publicly accessible document,[10] a party who discovers personal information in its filing in violation of HCRR Rule 9 must take immediate steps to effectuate the sealing of the document or of the offending content.  If the error is discovered by a party who was not responsible for the filing, principles of professional conduct and civility suggest that counsel should promptly alert the filing party and the court of the error.[11]  Additionally, because of the likelihood that the improper release of personal information will compromise the privacy of the individual whose information was disclosed, non-parties to the proceeding should also be permitted to request the court to seal the relevant record.  See, e.g., 22 N.Y.C.R.R. §§ 212.4(b)(2), 214.12(2), 210.4(b)(2), 208.4(b)(2) (permitting "any person" to move to seal confidential personal information in publicly accessible

---

[10]    See HCRR Rule 9.1 (2012) ("[A] party shall not include personal information . . . ." (emphasis added)); HCRR Rule 9.5 (authorizing imposition of sanctions against "parties or attorneys who do not comply with Rule 9").

[11]    See Hawai'i Rules of Professional Conduct (HRPC) Preamble at [5] (2014) ("A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials.").

court filings); Nevada Rules for Sealing and Redacting Court
Records (SRCR) Rule 3(1) (2008) (same).

        The motion to seal should, when feasible, include an
attached copy of the properly redacted document or an indication
that such document has been filed.[12]  See, e.g., Illinois Supreme
Court Rules (ILCS S. Ct.) Rule 138 (2014) (motion requesting
redaction of improperly included personal information in
Illinois state court filings "shall have attached a copy of the
redacted version of the document").  The redacted document
should be narrowly tailored to only remove from public view the
personal information within the meaning of the Hawai'i Court
Records Rules.

        Protecting the safety and security of personal
identifying information and ensuring the privacy of
complainants, minors, and others are of paramount importance.
Indeed, the parties to this case recognize that violation of
HCRR Rule 9 may require immediate action to protect the
individual whose personal information was improperly disclosed;
the parties further agree that such immediacy may require the
court to give notice and conduct a hearing after sealing a
document.  The Hawai'i Court Records Rules similarly contemplate

---

        [12]    Although this opinion considers that a motion may be the usual
means of effectuating the sealing of documents containing personal
information, submission of stipulations to seal or other procedures deemed
acceptable by a court may be utilized.

that sealing of records may be necessary prior to a judicial determination of their accessibility.  See HCRR Rule 3.3 (authorizing the sealing of documents by the court clerk pending a court's subsequent determination of public accessibility). Thus, if a court receives a motion to seal,[13] it should promptly seal those portions of the filing contended to be in violation of HCRR Rule 9.  See, e.g., ILCS S. Ct. Rule 138 (where personal identity information has been impermissibly included in Illinois state court filings and motion to order redaction has been filed, the court clerk "shall remove the document or exhibit containing the personal identity information from public access pending the court's ruling on the substance of the motion").

To the extent technologically feasible and in consideration of the use of electronic filing and record-keeping, the sealing should be narrowly tailored so that those portions of the filing containing non-personal information remain in the public record.[14]  See Ahn, 133 Hawai'i at 507, 331 P.3d at 485 (sealing of a transcript should be tailored to

---

[13]   Because of the importance and urgency of motions to seal documents due to improper inclusion of personal information, counsel should ensure that the filing of such a motion is brought to the court's immediate attention.

[14]   Although the rules and regulations of other jurisdictions may contemplate the redaction of the offending matter from documents by the court, such a procedure may not be appropriate or possible given the Hawai'i state courts' general use of electronic filing and record-keeping, which may allow only for sealing of the entire document.

respect constitutional right of access to judicial proceedings and, therefore, the court should only "seal [] such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected" (alteration in original) (quoting Press-Enter. Co. v. Superior Court of Cal., 464 U.S. 501, 513 (1984))); see also 22 N.Y.C.R.R. §§ 212.4(b)(2), 214.12(2), 210.4(b)(2), 208.4(b)(2) (where court seals record to protect confidential personal information, it must "seal the papers or a portion thereof containing [confidential personal information] in accordance with the requirement . . . that any sealing be no broader than reasonably necessary to protect the [information]").

When the court seals a document on the basis that it may contain personal information in violation of the Hawai'i Court Records Rules, it should promptly issue a written order in the case giving notice of and briefly stating the reason for the sealing.[15]  The order should provide that any individual may file a motion objecting to the sealing of the document.  The order

---

[15]     We recognize that members of the media that are not parties to a proceeding may not be on the list of recipients receiving electronic service of documents in a given case and may, therefore, not receive automatic notification of a court's order regarding sealing.  However, as we concluded in Ahn, "[t]o the extent practicable, a reasonable attempt should be made to notify entities or persons who have requested 'Extended Coverage' of a case." 133 Hawai'i at 497 n.19, 331 P.2d at 475, n.19; see also Application of the Herald Co., 734 F.2d 93, 103 (2d Cir. 1984) (noting intention not to "foreclose any [court] from electing to supplement the [public] docketing requirement [the court] has outlined with steps of its own, such as notification to one of the news media").

should also impose the requirement that, if the record does not include a redacted version of the filing, the party that filed the document containing personal information should expeditiously file with the court a redacted version of the document.[16]  See, e.g., Connecticut Practice Book § 11-20B (2011) (orders sealing documents to protect personal information must require party to submit redacted version of the filing within 10 days); Wis. Stat. § 801.19 (2016) ("[U]pon motion or its own initiative, [the court may] seal the improperly filed documents and order new redacted documents be prepared.").

If the court does not receive a motion objecting to the sealing, then no further action is required.  If the court receives such a motion, then it must address the motion as appropriate under the circumstances.[17]

### ii. Improper Filing Discovered by the Court

It is also foreseeable that a court may discover an impermissible disclosure of personal information before corrective action is taken by the parties or other interested

---

[16]    If the court receives a motion to seal but does not receive an attached or concurrently filed redacted version of the record, the court may consider setting a hearing date or a proof of compliance date in the order providing notice.

[17]    If the motion identifies a legitimate dispute regarding whether a filing impermissibly includes personal information, then the court should, when appropriate, promptly schedule a hearing to resolve the dispute.

individuals.[18] If the court becomes aware that a filing of publicly accessible documents impermissibly contains personal information within the meaning of HCRR Rules 2.19 and 9, although not obligated to take corrective measures, the court's inherent authority enables it to take remedial action.[19] See Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawai'i 452, 457, 903 P.2d 1273, 1278 (1995) ("[I]t is well settled that 'courts have inherent equity, supervisory, and administrative powers as well as inherent power to control the litigation process before them.'" (quoting Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 507, 880 P.2d 169, 182 (1994))). In such a situation, the court may, in its discretion, follow the procedures identified above to remedy violations of the Hawai'i Court Records Rules resulting from the impermissible inclusion of personal information in publicly accessible documents.

### D. Disposition of Oahu Publications' Petition

In this case, the State properly filed a motion to seal the Ferguson Probable Cause Application to protect the

---

[18] We emphasize, however, that judges and court staff are not under an affirmative obligation to review pleadings submitted by the parties to determine if they contain personal information. As noted above, HCRR Rule 9 explicitly places the obligation on the parties to protect against inclusion of personal information within publicly accessible filings.

[19] This procedure is also consistent with HCRR Rule 3.3, which authorizes the clerk of the court to replace incorrect documents inadvertently filed and to seal records pending a judicial determination of their accessibility. See HCRR Rule 3.3.

personal information of the minor complainant and of the individuals whose social security numbers were included in the photographic lineup.  Upon receipt of the motion, the court correctly took prompt action to seal the document.  However, the State failed to submit a redacted version of the Ferguson Probable Cause Application with its motion to seal and, in fact, did not submit the Redacted Application until seven days after filing the motion.  The district court also did not order the State to expeditiously file the Redacted Application or provide notice in its order that any person who wished to object to the sealing could request a hearing.  Consequently, the delay in the filing of the Redacted Application and the omission in the court's order to provide notice of a procedure to object to the sealing of the document compromised the balance of protection of personal information under HCRR Rule 9 and the public's right of access to judicial proceedings and documents provided by the federal and state constitutions.

In its petition, Oahu Publications seeks (1) a writ of prohibition prohibiting Judge Takase from enforcing her order sealing the Ferguson Probable Cause Application and (2) a writ of mandamus ordering Judge Takase to make public the sealed Ferguson Probable Cause Application and to refrain from future document sealings in the Ferguson case and any other criminal proceeding without first providing notice and an opportunity to

be heard.  The State filed the Redacted Application with the district court on January 21, 2016.

Therefore, the relief Oahu Publications requests in its writ of prohibition has already been provided. Additionally, the relief requested in its writ of mandamus is unnecessary in light of the directives of this opinion and the subsequent submission of the Redacted Application.  See Oahu Publ'ns Inc. v. Ahn, 133 Hawai'i 482, 493 n.13, 508, 331 P.3d 460, 471 n.13, 486 (2014) (dismissing petitioners' writ of prohibition and denying writ of mandamus in light of substantive directives in opinion).  Accordingly, under the present circumstances of this case, the forms of relief requested by the petition are not warranted.

## IV.    CONCLUSION

When personal information has been improperly included in a publicly accessible document in violation of the Hawai'i Court Records Rules, remedial measures must be taken to rectify the rule violation.  A party who learns of improperly included personal information in its filing must take steps to effectuate the immediate sealing of the document or of its offending content and file a properly redacted version of the document. Upon receiving such a motion, the court should promptly seal the document or the content contended to be in violation of the Hawai'i Court Records Rules by entering an order stating the

27

reason for the sealing, informing the public and the parties of the right to file a motion objecting to the sealing of the document, and requiring the filing of a redacted version of the document if it has not been submitted.  When the court itself discovers the improper inclusion of protected personal information, it may follow similar procedures.

These measures further the intent of HCRR Rule 9 to protect against disclosure of sensitive personal information while also respecting the Hawai'i courts' "long tradition of accessibility by the public."  Oahu Publ'ns Inc. v. Ahn, 133 Hawai'i 482, 494, 331 P.3d 460, 472 (2014); see also In re Estate of Campbell, 106 Hawai'i 453, 462, 106 P.3d 1096, 1105 (2005) ("[O]ur jurisdiction also has a long-established 'policy of openness in judicial proceedings.'" (quoting Gannett Pac. Corp. v. Richardson, 59 Haw. 224, 233, 580 P.2d 49, 56 (1978))).  Any inability to access non-protected information in a sealed document would be short in duration because a redacted version of the document should typically be accessible concurrently with the motion to seal or filed expeditiously as provided by the court's order.  The public, through the court's order, will also receive notice of the sealing and an opportunity to contest it.

These procedures reflect a balanced approach to individual privacy concerns and public accessibility.[20]

For the reasons discussed, the writ of prohibition is dismissed and the writ of mandamus is denied as unnecessary in light of the directives of this opinion and the subsequent filing of the Redacted Application.

Jeffrey S. Portnoy,
John P. Duchemin
for petitioner

Douglas S. Chin,
Patricia Ohara, and
Robyn B. Chun
for respondent the Honorable
Barbara T. Takase

M. Kanani Laubach
for respondent Ethan Ferguson

Ha'aheo M. Kaho'ohalahala
for respondent State of Hawai'i

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



---

[20] A court may modify the procedures outlined in this opinion to protect personal information inadvertently included in a publicly accessible filing provided that such procedures strike an equivalent balance between informational privacy and public accessibility.