**Electronically Filed
Supreme Court
SCPW-18-0000543
01-OCT-2018
02:37 PM**

SCPW-18-0000543

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

RICK DAYSOG, Petitioner,

vs.

THE HONORABLE R. MARK BROWNING, Judge of the Circuit Court of the
First Circuit, State of Hawaiʻi, Respondent Judge.

_____

ORIGINAL PROCEEDING
(TR. NO. 17-1-0122)

ORDER DENYING PETITION FOR WRIT OF PROHIBITION
AND WRIT OF MANDAMUS
(By: Nakayama, Acting C.J., McKenna, Pollack, and Wilson, JJ., and
Circuit Court Judge Hiraoka, in place of Recktenwald, C.J., recused)

Upon consideration of petitioner Rick Daysog's petition
for writ of prohibition and writ of mandamus, filed on July 9,
2018, the respondent judge's answer, filed on August 16, 2018,
Successor Trustee of the Abigail K. K. Kawananakoa Revocable
Living Trust Dated April 4, 2001, as Amended James H. Wright's
answer, filed on August 20, 2018, Abigail K. K. Kawananakoa and
Veronica Gail Worth's joint opposition, filed on August 20, 2018,
the Abigail K. K. Kawananakoa Foundation's answer, filed on
August 20, 2018, Special Master James A. Kawachika's answer,
filed on August 20, 2018, Mark Smart, Thongbay Smart, and Wayne

Shizuru's answer, filed on August 21, 2018, the respective supporting documents, and the record, it appears that, although the initial orders of the probate court that allowed various documents to be filed under seal in In the Matter of the Abigail K. K. Kawananakoa Revocable Living Trust dated April 4, 2001, as amended, Tr. No. 17-1-01222 ("the Trust Case") did not fully comply with the procedural and substantive requirements set forth by court rules and this court's precedents, the circuit court's August 2, 2018 order, which required the parties to file redacted versions of documents that were filed under seal for which redacted versions had not yet been filed--except for documents filed under seal pursuant to Hawaii Probate Rule 3(d)--has substantially addressed the issues underlying the petition.

Thus, based on the current posture of the Trust Case, the requested extraordinary relief is not warranted. See Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of prohibition "is an extraordinary remedy . . . to restrain a judge of an inferior court from acting beyond or in excess of his jurisdiction"); Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action). Accordingly,

2

IT IS HEREBY ORDERED that the petition for writ of prohibition and writ of mandamus is denied.  We note, however, that the August 2, 2018 order in the Trust Case expressly directed the parties to continue to comply with Oahu Publications v. Takase, 139 Hawaiʻi 236, 386 P.3d 873 (2016) by filing redacted versions of documents that were previously sealed.  The probate court shall ensure that the redactions comply with Takase and other requirements provided by law.

DATED: Honolulu, Hawaiʻi, October 1, 2018.

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

/s/ Keith K. Hiraoka

3