**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000374
15-JUN-2021
08:03 AM
Dkt. 92 SO**

NO. CAAP-20-0000374

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF ALBERT IAN SCHWEITZER, Petitioner-Appellee,
JUDGES FOR JUSTICE, Non-Party-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3SP071000007)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Non-party-Appellant **Judges for Justice** appeals from three orders entered by the Circuit Court of the Third Circuit:[1] **(1)** "Order Denying Judges for Justice Non-hearing Motion to #1 Set a Hearing and #2 to Unseal 'Stipulation re Evidence to be Submitted to Reliagene Technologies for Testing and Order Sealing Stipulation' Entered on February 26, 2007 and 'Stipulation and Order re Post-Conviction DNA Testing of Evidence (Sealed in Locked Cabinet)' Entered on February 9, 2009," entered on October 17, 2019 (**Order Denying Motion to Set Hearing**); **(2)** "Order Denying Motion to Reconsider the Court's Final Order Denying Judges for Justice's Motions to (1) Set a Hearing and (2) to Unseal the Court File in this Cause," entered on January 31, 2020 (**Order Denying Reconsideration**); and **(3)** "Order Granting Attorney Fees and Costs" entered on March 18, 2020 (**Sanctions Order**). For the reasons explained below, we vacate the Order Denying Motion to Set Hearing and the Order Denying Reconsideration; remand for the circuit court to conduct a

---

[1] The Honorable Henry T. Nakamoto presided.

hearing on Judges for Justice's motion to unseal the 2007 and 2009 stipulations; and reverse the Sanctions Order.

In 2000 Albert Ian **Schweitzer** was convicted for the kidnapping, sexual assault, and murder of Dana Ireland.  State v. Schweitzer, Cr. No. 3PC990000147 (the **Criminal Case**).  In 2007 and 2009 Schweitzer and the County of Hawaiʻi filed stipulations for post-conviction DNA testing of evidence from the Criminal Case.  In re Schweitzer, Case No. 3SP071000007 (the **DNA Testing Case**).  The 2007 and 2009 stipulations in the DNA Testing Case (**DNA Testing Stipulations**) were filed under seal, by agreement between Schweitzer and the State.  In 2017 Schweitzer filed a petition for post-conviction relief under Rule 40 of the Hawaiʻi Rules of Penal Procedure.  Schweitzer v. State, Case No. 3PR171000002 (the **Rule 40 Case**).[2]

On March 19, 2019, Michael **Heavey** of Judges for Justice asked the circuit court for a hearing date for a motion to unseal the DNA Testing Stipulations.  On June 28, 2019, the circuit court declined to provide a hearing date because Heavey was "not a party or counsel for a party in the" DNA Testing Case.

On August 28, 2019, Judges for Justice formally moved the circuit court to set a hearing on a motion to unseal the DNA Testing Stipulations (**Motion to Set Hearing**).  Schweitzer opposed the motion and requested sanctions.  On October 17, 2019, the circuit court entered the Order Denying Motion to Set Hearing; Schweitzer's counsel was ordered to submit a declaration of attorneys fees and costs, to which Judges for Justice could respond or object.

On October 25, 2019, Judges for Justice moved for reconsideration of the Order Denying Motion to Set Hearing.

Schweitzer's counsel filed a timely declaration of attorneys fees and costs on November 1, 2019.  Judges for Justice did not file a response or objection before the deadline set by the circuit court.

---

[2]     On June 23, 2020, the circuit court consolidated the DNA Testing Case with the Rule 40 Case.

The Order Denying Reconsideration was entered on January 31, 2020.

On February 21, 2020, Judges for Justice filed a "Petition for Writ of Prohibition and Writ of Mandamus" with the Hawaiʻi Supreme Court. The petition requested (1) a writ directing the circuit court to unseal the DNA Testing Stipulations; and (2) a writ prohibiting the circuit court from (a) refusing to consider motions to unseal filed by non-parties to a proceeding, (b) enforcing any order to seal the DNA Testing Stipulations, and (c) enforcing any order sanctioning Judges for Justice for filing the Motion to Set Hearing.

The Sanctions Order was entered on March 18, 2020. The circuit court awarded Schweitzer attorneys' fees and costs totaling $17,075.11. Judges for Justice filed a notice of appeal on May 14, 2020.[3]

The supreme court denied Judges for Justice's petition for writs on September 9, 2020, holding that extraordinary relief was not warranted because Judges for Justice was seeking relief by way of its appeal in this case. Judges for Justice v. Nakamoto, No. SCPW-20-0000085, 2020 WL 5413596 (Haw. Sept. 9, 2020).

> **1.   The circuit court erred by not setting a hearing on Judges for Justice's Motion to Set Hearing.**

The Order Denying the Motion to Set Hearing did not contain a specific reason for the court's ruling, but stated:

> [A] similar request was previously denied and sanctions are appropriate in this case.

The circuit court had previously communicated to Heavey, in response to Judges for Justice's request for a hearing date:

> This Court has received Mr. Michael Heavy's [sic] letter dated March 19, 2019, regarding the above captioned matter. The court cannot schedule a hearing or entertain a motion submitted based on the information provided as *the*

---

[3]   The circuit court extended the deadline for Judges for Justice to file a notice of appeal.

> *person requesting relief is not a party or counsel for a party in the above-entitled matter.*

(Emphasis added.)

The Hawaiʻi Supreme Court has held that "article 1, section 4 of the Hawaiʻi Constitution provides the public with a qualified right of access to observe court proceedings in criminal trials." Oahu Publ'ns Inc. v. Ahn, 133 Hawaiʻi 482, 496, 331 P.3d 460, 474 (2014) (footnote omitted). The qualified right of access extends to records of criminal proceedings. Grube v. Trader, 142 Hawaiʻi 412, 422, 420 P.3d 343, 353 (2018). Under Hawaiʻi law, Judges for Justice has a "qualified right of access" to the DNA Testing Stipulations.

The "procedural prerequisites to entry of an order closing a criminal proceeding to the public are (1) those excluded from the proceeding must be afforded a reasonable opportunity to state their objections; and (2) the reasons supporting closure must be articulated in findings." Grube, 142 Hawaiʻi at 423, 420 P.3d at 354 (quoting Ahn, 133 Hawaiʻi at 497-98, 331 P.3d at 475-76 (quoting United States v. Brooklier, 685 F.2d 1162, 1167-68 (9th Cir. 1982))).

In this case the circuit court ordered the 2007 and 2009 DNA Testing Stipulations to be filed under seal pursuant to an agreement between Schweitzer and the State; the circuit court did not make findings supporting the sealing of the stipulations. Under those circumstances:

> [A] hearing must be held under procedures adequate to afford the public a meaningful opportunity to object or offer alternatives to the closure. Even when the public by necessity lacks full knowledge of the basis of the motion to seal, its participation in the hearing allows the judge to consider other relevant interests and possible alternatives to sealing, thus providing a more informed basis for the determination.

Grube, 142 Hawaiʻi at 424, 420 P.3d at 355 (citations omitted). We conclude that the circuit court erred by not setting a hearing on Judges for Justice's Motion to Set Hearing. The Order Denying Motion to Set Hearing is vacated. We express no opinion on the merits of Judges for Justice's request to unseal the DNA Testing

4

Stipulations, but remand for the circuit court to hold a hearing and enter findings as required by Grube and Ahn.

In light of our conclusion, we also vacate the Order Denying Reconsideration.

### 2. The circuit court erred by imposing sanctions against Judges for Justice.

"Sanctions imposed under statute, court rule, or the trial court's inherent powers are reviewed for an abuse of discretion." Erum v. Llego, 147 Hawaiʻi 368, 378, 465 P.3d 815, 825 (2020) (citation omitted). "The trial court abuses its discretion if it bases its ruling on an erroneous view of the law[.]" Id. (citation omitted). The circuit court erred by imposing sanctions against Judges for Justice based on the erroneous view that non-parties lack standing to move to unseal sealed court documents. The Sanctions Order is reversed.

### <u>CONCLUSION</u>

Based upon the foregoing: the October 17, 2019 Order Denying Motion to Set Hearing and the January 31, 2020 Order Denying Reconsideration are vacated, and the March 18, 2020 Sanctions Order is reversed. This case is remanded to the circuit court for proceedings consistent with Ahn and Grube.

DATED: Honolulu, Hawaiʻi, June 15, 2021.

On the briefs:

Robert H. Thomas,
Mark M. Murakami,
Joanna C. Zeigler,
for Non-party-Appellant
Judges for Justice.

Jennifer L. Brown,
Susan Friedman,
Barry Scheck,
for Petitioner-Appellee
Albert Ian Schweitzer.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge