**Electronically Filed
Supreme Court
SCPW-21-0000511
11-MAY-2022
09:24 AM
Dkt. 50 ODDP**

SCPW-21-0000511

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST, Petitioner,

vs.

THE HONORABLE GARY W.B. CHANG, Judge of the Circuit Court of the
First Circuit, State of Hawaiʻi, Respondent.

_____

ORIGINAL PROCEEDING
(CASE NO. 1CC051000863)

ORDER DENYING WITHOUT PREJUDICE PETITION FOR
WRIT OF PROHIBITION AND WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of petitioner Civil Beat Law Center

for the Public Interest's petition for writ of prohibition and

writ of mandamus, the respondent judge's answer to the petition,

petitioner's response, the respondent judge's reply, the amicus

brief, and the record, it appears that the requested

extraordinary writ is not warranted at this juncture. See

Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d

58, 62 (1978) (a writ of prohibition "is an extraordinary remedy

. . . to restrain a judge of an inferior court from acting

beyond or in excess of his jurisdiction."); <u>Kema v. Gaddis</u>, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such a writ is meant to restrain a judge of an inferior court who has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act).

Petitioner initially sought a writ of prohibition and writ of mandamus related to the inability to publicly access the case file in Case No. 1CC051000863. On April 11, 2022, the respondent judge entered an "Order Removing Security Designation for Civil No. 05-1-0863-05." Redacted copies of documents filed in Civil No. 05-1-0863-05 are now accessible by the public, including petitioner.

Petitioner has subsequently modified its request for relief before this court, in part, to request that the respondent judge be prohibited from enforcing an order sealing the complaint[1] and defendants' names in Civil No. 05-1-0863-05,

---

[1] Petitioner also notes that the case docket indicates that the circuit court no longer has the underlying complaint based on an order that was

2

and enforcing a gag order entered against petitioner. Petitioner specifically asserts that the respondent judge has failed to comply with the procedural and substantive standards for keeping the complaint sealed. The respondent judge does not dispute that the actions taken in 2005 did not conform with O'ahu Publ'ns Inc. v. Ahn, 133 Hawai'i 482, 331 P.3d 460 (2014) and Grube v. Trader, 142 Hawai'i 412, 420 P.3d 343 (2018), but explains, in reply to petitioner's response, the factors he considered and the discretionary balancing he undertook in giving paramount protection to the plaintiff's constitutional right to privacy against a third party's qualified right of access to court records in a civil case. The respondent judge also clarified that his order does not preclude petitioner from seeking access to court records or publishing any motions or related documents and orders as long as the publication does not disclose the name and identify of any of the parties in the instant case. These averments and rationale, however, are not provided in any written findings in the underlying case.

At this time, given the developments in this matter and petitioner's recently modified request for relief, the more appropriate course of action is for petitioner to seek relief,

issued in 2005, which ordered the complaint be expunged and returned to plaintiff's counsel. This court notes that such an expungement and purging of a court document is not general practice.

3

as modified, in the underlying case, and for the respondent judge, after all parties are heard on the matter, to thereafter enter formal written findings consistent with constitutional standards and case law, specifically <u>Ahn</u> and <u>Grube</u>.

Accordingly,

It is ordered that the petition for writ of prohibition and writ of mandamus is denied without prejudice consistent with this order.

DATED:  Honolulu, Hawaiʻi, May 11, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama



/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins