**Electronically Filed
Supreme Court
SCPW-24-0000484
05-JAN-2026
10:34 AM
Dkt. 48 ORD**

SCPW-24-0000484

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,
Petitioner,

vs.

THE HONORABLE JAMES S. KAWASHIMA
Judge of the Circuit Court of the First Circuit,
State of Hawaiʻi, Respondent Judge;

and

M.K.; S. LAWRENCE SCHLESINGER, M.D., FACS;
PHOENIX GROUP, LLC dba THE BREAST IMPLANT CENTER OF HAWAII
and MOMMY MAKEOVER INSTITUTE OF HAWAII,
Respondents.

---

ORIGINAL PROCEEDING
(CASE NO. 1CCV-19-0002164)

ORDER
(By: McKenna, Acting C.J., Eddins, Ginoza, and Devens, JJ.,
and Circuit Judge Tomasa, assigned by reason of vacancy)

Petitioner Civil Beat Law Center for the Public Interest

(Law Center) petitions for mandamus to unseal the docket and

complaint of a sealed civil case file.  The case was originally

filed as a publicly accessible non-confidential civil case.

Shortly after the complaint was filed, the parties settled, and the circuit court approved a stipulation to seal the entire case docket, including the complaint, from public access.

The Law Center filed a motion to unseal the docket and complaint, which was denied by the circuit court without the entry of any findings to explain the reasoning for the decision. This original proceeding followed.

We grant the petition in part and mandamus the circuit court to unseal the docket and complaint.

I.

On November 18, 2019, Plaintiff M.K. filed a complaint against S. Lawrence Schlesinger, M.D., and a business entity owned by him (Defendants) for various tort claims.

No return of service was filed by Plaintiff, nor was an answer filed by Defendants.

On December 10, 2019, a Stipulation to Seal all Filings and Notice of Dismissal, by and between Plaintiff and Defendants was submitted to court. This stipulation directed the clerk to close and seal the case file, including the complaint. Judge Gary W.B. Chang approved and so ordered this stipulation thereby sealing the case file.

In December 2023 an attorney for the Law Center requested access to the case file at the courthouse, which was denied. Thereafter, the Law Center filed a motion to unseal, arguing the

2

total sealing violated the right of public access protected by the First Amendment of the Constitution and article I, section 4 of the Hawaiʻi Constitution. The Law Center further argued the total sealing violated the procedural and substantive requirements established in case law the circuit court was required to follow before denying public access to the complaint and docket of a civil case.

On May 28, 2024, Judge Chang held an evidentiary hearing that was closed to the public; the Law Center did not participate. Shortly after this hearing, Judge Chang retired.

On June 21, 2024, Judge James S. Kawashima entered the Order Denying the Law Center's Motion to Unseal. This denial order provides:

> The Court has carefully reviewed the Motion, the Memorandum in Support of the Motion, and the Opposition to the Motion, the Declaration and Exhibit, and the filings in this case.
>
> The Court ordered that:
>
> 1) The Complaint be amended to delete those words which the Court deemed scandalous pursuant to Hawaii Rules of Civil Procedure;
>
> 2) The Amended Complaint and the entire previously sealed pleadings remain sealed;
>
> 3) The redacted Complaint be made available to the Civil Beat Law Center.
>
> The Court, having reviewed all documents submitted and having heard the arguments of counsel, IT IS HEREBY ORDERED THAT CIVIL BEAT LAW CENTER'S MOTION TO UNSEAL IS DENIED.

On July 22, 2024, the Law Center initiated this original proceeding, filing a petition seeking a writ of prohibition

3

prohibiting the circuit court from enforcing any order to seal the case, and a writ of mandamus ordering the circuit court to comply with the constitutional standards set forth in Oahu Publ'ns Inc. v. Ahn, 133 Hawaiʻi 482, 331 P.3d 460 (2014) and Grube v. Trader, 142 Hawaiʻi 412, 420 P.3d 343 (2018), and the standards for scandalous allegations under Hawaiʻi Rules of Civil Procedure (HRCP) Rule 12(f) (eff. 2000).

The court entered an order to entertain the petition and requested briefing from the parties. In opposition, Defendants argue a case "never was at issue" because they settled before they knew a civil complaint had been filed. Defendants further argue that the settlement agreement afforded the parties privacy by requiring the total sealing of the civil case, which are "rare and compelling circumstances" to justify the total sealing. Respondent Judge filed a notice that no response would be filed.

## II.

Rule 10.15 of the Hawaiʻi Court Records Rules (eff. 2022) provides, in pertinent part, that "[a] person or entity may seek review of a denial or grant of access to a record by petitioning the supreme court" under Hawaiʻi Rules of Appellate Procedure Rule 21, Writs of Mandamus or Prohibition Directed to a Judge (eff. 2010).

4

A writ of mandamus or prohibition is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to the relief requested and a lack of other means to redress adequately the alleged wrong or to obtain the requested action.  See Womble Bond Dickinson (US) LLP v. Kim, 153 Hawai'i 307, 319, 537 P.3d 1154, 1166 (2023).

III.

This court has discretion under its supervisory jurisdiction, Hawai'i Revised Statutes § 602-4 (2016), and Hawai'i Court Records Rules 10.15, to review the circuit court's decision to deny the Law Center, a non-party, access to the docket and complaint.

IV.

The total sealing of a civil case file that is publicly accessible implicates the public's right of access to court records under article I, section 4 of the Hawai'i Constitution. See Roy v. Gov't Emps. Ins. Co., 152 Hawai'i 225, 233, 524 P.3d 1249, 1257 (App. 2023); see also Oahu Publ'ns Inc., 133 Hawai'i at 496 n.18, 331 P.3d at 474 n.18 (noting the public's interest in open civil proceedings).  Cf. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 n.17 (1980) (noting that historically civil trials "have been presumptively open"); Courthouse News Serv. v. Planet, 947 F.3d 581, 590 (9th Cir. 2020) (similar).

"To overcome the presumption of public access, procedural and substantive requirements must be met." State v. Rogan, 156 Hawai'i 233, 243, 573 P.3d 616, 626 (2025). "The procedural requirements are (1) those objecting to sealing must be given a reasonable opportunity to be heard; and (2) the reasons that support sealing must be articulated in findings." Id.

The issue in this original proceeding focuses on the second prong. The Law Center argues the circuit court failed to follow these procedural requirements because the sealing orders did not include any of the written findings required by this Court's precedent recognizing the public's right of access to court records under article I, section 4 of the Hawai'i Constitution. In opposition, Defendants argue that written findings were not required, and that the oral findings made by the presiding judge at the evidentiary hearing were sufficient.

We agree with the Law Center.

Here, the record confirms that no written findings were made by the circuit court to justify the total sealing of the case file, including the docket and complaint. Specifically, no written findings were entered to establish "(1) the sealing serves a compelling interest that overcomes the right of public access to the records; (2) there is a substantial probability that this interest would be harmed absent the closure or sealing; and (3) there are no alternatives to closure or sealing

6

that would adequately protect the compelling interest." Id. at 243, 573 P.3d at 626. Accordingly, we hold the circuit court erred by sealing the docket and complaint.

V.

We grant the Law Center's petition for a writ of mandamus in part and order the circuit court to unseal the docket and complaint filed at Docket 1, subject to the stay set forth below.

Any further order to seal a record in the case must comply with the constitutional standards set forth in Rogan, detailed above. See also Grube, 142 Hawaiʻi at 425, 420 P.3d at 356 ("Although privacy rights may in some instances rise to the level of compelling, simply preserving the comfort or official reputations of the parties is not a sufficient justification."); Roy, 152 Hawaiʻi at 234-35, 524 P.3d at 1258-59 (affirming the circuit court's decisions to unseal a case file because "GEICO has not demonstrated that there are no less restrictive alternatives to closure that would adequately protect any compelling interest") (cleaned up).

We deny the Law Center's petition for a writ of prohibition insofar as it seeks an order prohibiting the circuit court from enforcing any order to seal the docket and complaint, and for a writ of mandamus ordering the circuit court to comply with Rule

7

12(f) of the Hawaiʻi Rules of Civil Procedure because we deem this relief unnecessary based on our disposition.

The court will stay the effective date of this order to Wednesday, February 4, 2026.

DATED:  Honolulu, Hawaiʻi, January 5, 2026.

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

/s/ Taryn R. Tomasa

