**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000613**
**24-AUG-2022**
**08:02 AM**
**Dkt. 137 ORD**

NO. CAAP-18-0000613

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STEPHEN KEAWE ROY and REBECCA ROY,
Plaintiffs-Appellees,
v.
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INSURANCE AGENCY, INC., Defendants-Appellants
and
TIMOTHY DAYTON, RICHARD DWYER, and JOHN DORNAN,
Defendants-Appellees,
and
DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2053-07 (KKH))


ORDER GRANTING IN PART AND DENYING IN PART MOTION
TO SUBSTITUTE AND TO DISMISS FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, and Leonard and Wadsworth, JJ.)

Upon consideration of the "Motion to Substitute Civil Beat Law Center for the Public Interest for Ed Wagner and to Dismiss for lack of Appellate Jurisdiction" (**Motion**), filed by Non-Party Ed Wagner (**Wagner**) on March 10, 2022, the papers in support and in opposition, and the record, it appears that:

1.    On August 6, 2018, Defendants-Appellants Government Employees Insurance Co. and Geico Insurance Agency, Inc. (collectively, **GEICO**) filed a notice of appeal from the July 6, 2018 "Order on Motion to Unseal (Filed May 22, 2016 [sic])" and the July 31, 2018 "Findings of Fact, Conclusions of Law and Order Denying GEICO's Motion to Reseal Filed Documents"

(collectively, **"Unsealing Orders"**), both entered by the Circuit Court of the First Circuit (**Circuit Court**).

2. Wagner now moves to dismiss GEICO's appeal for lack of appellate jurisdiction (**motion to dismiss**). Wagner contends that this court lacks jurisdiction because the Unsealing Orders are not appealable under the collateral order doctrine, which is the sole basis for appellate jurisdiction asserted by GEICO.

3. GEICO contends that appellate jurisdiction exists because the collateral order doctrine applies to the Unsealing Orders.

4. An order is appealable under the collateral order doctrine if it: "(1) conclusively determines a disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (citing Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998)).

5. Wagner argues that GEICO cannot meet the third prong of the collateral order doctrine. There appears to be no dispute that the underlying case settled and no final judgment was entered, rendering appeal from such judgment impossible. Wagner asserts, however, that "[a] circuit court's order granting a motion to unseal court records is not 'effectively unreviewable' because there is a specific procedure set forth in rules for review of such decisions[,]" referring to Hawaiʻi Court Records Rules (**HCRR**) Rule 10.15.

6. HCRR Rule 10.15 states:

> **Review of Action on Request for Record.** A person or entity may seek review of a denial or grant of access to a record by petitioning the supreme court, in accordance with Rule 21 of the Hawaiʻi Rules of Appellate Procedure. If the record is confidential, the Clerk of the trial court or ADLRO, upon notice of the petition, shall provide notice of the petition to all parties to the case, shall file a copy of the Clerk's certificate of service on each party, and shall designate the certificate of service as confidential in the record of proceeding before the supreme court.

2

7.    In turn, Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 21 provides, in relevant part:

> (a) *Writs of Mandamus or Prohibition Directed to a Judge.* Application for a writ directed to a judge shall be made by filing a petition with the appellate clerk with proof of service on the respondent judge, all parties to the action in the trial court, and the attorney general.  The petition shall contain: (i) a statement of facts necessary to an understanding of the issues presented; (ii) a statement of issues presented and of the relief sought; and (iii) a statement of reasons for issuing the writ.
>
> . . . .
>
> Upon receipt of the prescribed filing fee, the appellate clerk shall docket the petition and submit it to the supreme court for determination as to whether the writ will be entertained.

8.    For purposes of the motion to dismiss, we assume without deciding that the Unsealing Orders qualify as "a . . . grant of access to a record" within the meaning of HCRR Rule 10.15.  Obtaining review of such a grant of access under HCRR Rule 10.15 requires petitioning the supreme court for a writ of mandamus or prohibition pursuant to HRAP Rule 21.  The supreme court has repeatedly stated:

> A writ of mandamus and/or prohibition is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to the relief requested and a lack of other means to redress adequately the alleged wrong or to obtain the requested action.  Such writs are not meant to supersede the legal discretionary authority of the lower court, nor are they meant to serve as legal remedies in lieu of normal appellate procedures.  Where a trial court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.

State v. Tui, 138 Hawaiʻi 462, 467, 382 P.3d 274, 279 (2016) (quoting Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999)).

9.    Thus, review of a denial or grant of access to a record under HCRR Rule 10.15 is not review on appeal from a final judgment, but review pursuant to the extraordinary writ process. Wagner has not cited any Hawaiʻi authority supporting his

3

argument that GEICO must show the unavailability of that extraordinary process in order to obtain appellate relief under the collateral order doctrine, if otherwise applicable in these circumstances.

10.   Additionally, we take judicial notice that on August 27, 2018, Wagner filed a Petition for Writ of Prohibition and Writ of Mandamus (**Petition**) in the supreme court, seeking, among other things, a writ of mandamus ordering the Circuit Court to unseal the underlying case.  See Petition at 1, 21, Wagner v. Hiraoka, No. SCPW-18-0000670, 2018 WL 5044355 (Haw. Oct. 17, 2018).  The supreme court subsequently denied the Petition.  Wagner, 2018 WL 5044355, at *1.  In denying the Petition, the supreme court stated, in relevant part:

> Upon consideration of . . . Wagner's [P]etition . . . , it appears that the respondent judge complied with the procedure set forth in Grube v. Trader, 142 Hawaiʻi 412, 420 P.3d 343 (2018) in addressing the sealing issue, an appeal is pending in the Intermediate Court of Appeals (CAAP-18-0000613), and petitioner fails to demonstrate that he is entitled to the requested extraordinary writ.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Gannett Pac. Corp. v. Richardson, 59 Haw. 224, 226, 580 P.2d 49, 53 (1978) (a petition for writ of prohibition is not meant to serve as a legal remedy in lieu of normal appellate procedures).

Id.

11.   We conclude that the Unsealing Orders meet the requirements of, and are appealable under, the collateral order doctrine; we therefore have jurisdiction over this appeal.

12.   Wagner also moves this court to substitute Civil Beat Law Center for the Public Interest (the **Law Center**) in Wagner's place in this case (**motion to substitute**).  The motion to substitute is supported by declarations of Wagner and R. Brian Black (**Black**), as President and Executive Director of the Law Center.  Wagner contends that the requested substitution is necessary; he states in his declaration that he is 78 years old, "is unable to continue [his] current role in this case[,]" and would like the Law Center to be substituted for him.  Black

4

states, among other things, that "the Law Center has advocated on behalf of clients for public access to court records in [other] cases" and "the Law Center is willing to substitute for . . . Wagner in this case."

13. HRAP Rule 43 provides, in relevant part:

> **(b) Substitution for Other Causes.** If substitution of <u>a party</u> in the Hawai'i appellate courts is necessary for any reason other than death, substitution shall be effected in accordance with the procedure prescribed in subsection (a).[1]

(Footnote added).

14. It is undisputed that Wagner is not a party in the underlying case. Nevertheless, Wagner contends that this court should grant the requested substitution pursuant to the court's "inherent supervisory authority." Wagner further argues that if Wagner were a party, substitution would be permitted by HRAP Rule 43(b) if "necessary for any reason," and although Wagner is not a party, substitution is necessary because Wagner is unable to continue in his role.

15. GEICO opposes the requested substitution. GEICO contends that there is no mechanism for substitution of a non-party. GEICO further contends that, "even applying [HRAP] Rule 43(b) by analogy," Wagner's declaration "makes only a conclusory

---

[1] HRAP Rule 43(a) provides:

> **(a) Death of a Party**. If a party dies after the notice of appeal is filed, or while the proceeding is otherwise pending in a Hawai'i appellate court, that court may substitute the personal representative of the deceased party as a party on motion filed by the representative or by any party. The motion shall be served upon the representative in accordance with the provisions of Rule 25. If the deceased party has no representative, any party may suggest the death on the record, and proceedings shall then be had as that court shall direct. If an appellee dies after entry of the judgment or order in the court or agency appealed from but before a notice of appeal is filed, an appellant may proceed as if the death had not occurred. After the notice of appeal is filed, substitution shall be effected in the Hawai'i appellate courts in accordance with this subsection. If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by the party's personal representative, or, if the party has no representative, by the party's attorney of record within the time prescribed by these rules. After the notice of appeal is filed substitution shall be effected in the Hawai'i appellate courts in accordance with this subsection.

5

statement" that he is unable to continue in his current role, but "provides no compelling explanation why he is unable to continue and why substitution is necessary."

16. This court has "inherent equity, supervisory, and administrative powers as well as inherent power to control the litigation process before [it]. Inherent powers of the court are derived from the state Constitution and are not confined by or dependent on statute." Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawaiʻi 452, 457-58, 903 P.2d 1273, 1278-79 (1995).

17. Although Wagner is not a party in the underlying case, he had a right to move to unseal sealed court documents in the case. See Grube v. Trader, 142 Hawaiʻi 412, 428, 420 P.3d 343, 359 (2018) ("Any member of the public may assert a personal right to access judicial proceedings and records."); see also In re Schweitzer, No. CAAP-20-0000374, 2021 WL 2433478, at *3 (Haw. App. June 15, 2021) (SDO) (concluding that the circuit court erred in imposing sanctions against a non-party "based on the erroneous view that non-parties lack standing to move to unseal court documents"). In furtherance of that right, on February 21, 2019, Wagner also filed an answering brief in this appeal, disputing GEICO's points of error and urging this court to affirm the Circuit Court's Unsealing Orders. With the continued pendency of this appeal, Wagner now submits that he is 78 years old, is unable to continue his current role in this case, and would like the Law Center to be substituted for him. The Law Center has represented Wagner as counsel in this case, has advocated for public access to court records in other cases, appears to share the same interest as Wagner in accessing the court records at issue, and confirms that it is willing to serve in Wagner's role in this case. Under these circumstances, we will grant the requested relief.

Therefore, IT IS HEREBY ORDERED that the Motion is granted in part and denied in part as follows:

(1) The motion to dismiss for lack of appellate jurisdiction is denied.

6

(2)   The motion to substitute is granted.  The appellate clerk shall substitute Civil Beat Law Center for the Public Interest for non-party Ed Wagner.

DATED:  Honolulu, Hawaiʻi, August 24, 2022.

/s/ Lisa M. Ginoza
Presiding Judge


/s/ Katherine G. Leonard
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge